**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES BOLAND, JOHN FLYNN, HENRY KRAMER,                )
GERALD O'MALLEY, KEN LAMBERT, GERARD                   )
SCARANO, TIMOTHY DRISCOLL, EUGENE                      )
GEORGE, ROBERT HOOVER, MATTHEW                         )
AQUILINE, GREGORY R. HESS, MICHAEL                     )
SCHMERBECK, WILLIAM MCCONNELL, CHARLES                 )
COSTELLA, and JOHN TRENDELL, as Trustees               )
of, and on behalf of, the                              )
BRICKLAYERS & TROWEL TRADES                            )
INTERNATIONAL PENSION FUND                             )
   620 F Street, N.W.                    )
   Washington, DC  20004                 )
   (202) 783-3788,                       )
                                                       )
  and                                         )
                                                       )
JOHN FLYNN, JAMES BOLAND, HENRY KRAMER,                )
KEN LAMBERT, GERARD SCARANO, EUGENE                    )
GEORGE, MATTHEW AQUILINE, MICHAEL                      )
SCHMERBECK, GREGORY HESS, and ROBERT                   )
HOOVER as Trustees of, and on behalf of, the           )
BRICKLAYERS AND ALLIED CRAFTWORKERS                    )
INTERNATIONAL HEALTH FUND                              )
   620 F Street, N.W.                    )
   Washington, DC  20004                 )
   (202) 783-3788,                       )
                                                       )
  and                                         )
                                                       )
JAMES BOLAND, JIM ALLEN, MATTHEW                       )
AQUILINE, TED CHAMP, BRUCE DEXTER, TIM                 )
DRISCOLL, EUGENE GEORGE, GREGORY HESS,                 )
ROBERT HOOVER, FRED KINATEDER, MARK                    )
KING, HENRY KRAMER, KEN KUDELA, DAN                    )
KWIATKOWSKI, KEN LAMBERT, WILLIAM                      )
MCCONNELL, EDWARD NAVARRO, JIM                         )
O'CONNOR, JOHN PHILLIPS, CHARLES RASO,                 )
MARK ROSE, KEVIN RYAN, GERARD SCARANO,                 )
MICHAEL SCHMERBECK, JOSEPH SPERANZA,                   )
JEREMIAH SULLIVAN JR., RICHARD TOLSON,                 )
JOHN TRENDELL, and FRED VAUTOUR,                       )
as Trustees of, and on behalf of, the                  )
INTERNATIONAL MASONRY INSTITUTE                        )
   The James Brice House                 )
   42 East Street                        )
   Annapolis, MD 21401                   )
   (410) 280-1305,                       )
                                                       )
                Plaintiffs,          )   Civil Action No:

DSMDB-2883766v2

v.                                           )
                                             )
                                             )
BRADER MARBLE AND GRANITE, LLC               )
     c/o Mitchell A. Margo, Agent for Service of Process  )
     130 S. Bemiston #200                     )
     Clayton, MO 63105,                       )
                                             )
                    Defendant.                )
                                             )
                                             )

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1.       This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund"), the fiduciaries of the Bricklayers and Allied Craftworkers International Health Fund ("IHF"), and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Sections 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF, IHF, and IMI.

2

DSMDB-2883766v2

2.    The IPF and IHF are administered in the District of Columbia, and the IMI is partly administered and managed in the District of Columbia.   Venue for the claims asserted in this lawsuit is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2)  Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

### Parties

3.    Plaintiffs, James Boland, John Flynn, Henry Kramer, Gerald O'Malley, Ken Lambert, Gerard Scarano, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, William McConnell, Charles Costella, and John Trendell are Trustees of, and sue on behalf of, the IPF.   The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The IPF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF.

4.    The IPF is also authorized to effect collections on behalf of the IHF and IMI, pursuant to a written Assignment of Claims and the Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures").

5.    John Flynn, James Boland, Henry Kramer, Ken Lambert, Gerard Scarano, Eugene George, Matthew Aquiline, Michael Schmerbeck, Gregory Hess, and Robert Hoover are

3

DSMDB-2883766v2

Trustees of, and sue on behalf of, the IHF. The IHF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IHF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IHF.

6.     Plaintiffs, James Boland, Jim Allen, Matthew Aquiline, Ted Champ, Bruce Dexter, Tim Discoll, Eugene George, Gregory Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, Ken Lambert, William McConnell, Edward Navarro, Jim O'Connor, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan Jr., Richard Tolson, John Trendell, and Fred Vautour, are Trustees of, and sue on behalf of, the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.

7.     The IPF also is authorized to file suit on behalf of the following affiliated Local Bricklayer funds: the Tile Finishers Local Union No. 18, St. Louis, Missouri Pension Plan, the Ceramic Tile and Marble Masons' Union No. 18 of Missouri Employees Pension Plan and Trust, the Tile Layers Joint Apprenticeship and Training Fund, and the Industry Advancement

4

Fund, referred to hereinafter collectively as "Local Funds," pursuant to a written Assignment of Claims.

8.      Defendant, Brader Marble and Granite, LLC ("Brader Marble") is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of Missouri.

9.      Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions ("Union").

## Violation Charged

10.      Brader Marble, acting through its authorized agents, representatives, or officers, executed collective bargaining agreements with the Union.  The collective bargaining agreements to which Brader Marble is bound by execution, consent, or conduct, are annexed hereto as Exhibits A through C, and are hereinafter referred to as the "Agreements."

11.      Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF, IHF, IMI, and Local Funds for each hour of covered work it performed.

12.      Having submitted some contributions, Brader Marble has demonstrated an awareness of the obligation to make those payments.

13.      A partial examination of Brader Marble's books and records ("partial audit") performed by the independent accounting firm of Calibre CPA Group PLLC covering January

5

2007 through September 2010, revealed that Brader Marble failed to properly submit required reports and contributions for covered work performed during this time period. However, the auditors were unable to properly complete the examination of Defendant's books and records because Defendant refused to provide all of the records requested by the auditors, including the general ledger.

14.     Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, the CCU Collection Procedures, and Supreme Court precedent, Plaintiffs are entitled to conduct a complete audit of the books and records of Brader Marble to determine whether contributions have been made in compliance with its obligations.

15.     The total known contributions due the IPF, IHF, IMI, and Local Funds by Brader Marble for work performed during the months of January 2007 through September 2010 as determined by the partial audit, amount to $10,642.97.

16.     Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, and ERISA, interest in the amount of $3,673.77 and an additional computation of interest in the amount of $3,673.77 (calculated through December 31, 2010, on moneys due the IPF, IHF, and IMI at the rate of 15 percent per annum, and on moneys due the Local Funds based on the applicable Federal Short-term interest rate at the time the work was performed, plus 3 percent); have been assessed on the delinquent contributions found due by the audit.

DSMDB-2883766v2

17.     Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

WHEREFORE, Plaintiffs pray for preliminary and permanent injunctive relief and judgment against Defendant as follows:

1.     For an order directing Brader Marble to turn over all its books and records from January 2007 through September 2010, including the general ledger, so that the auditor may determine amounts which may be owed the IPF, IHF, IMI, and Local Funds, for covered work performed by Defendant. Plaintiffs will suffer irreparable injury in the absence of such injunctive relief and there is no adequate remedy at law.

2.     For any additional amounts determined due by a completed audit of Defendant's books and records.

3.     For the total known amount due of $26,431.26 which is constituted as follows:

a.     For unpaid contributions in the amount of $10,642.97 payable to the IPF, IHF, IMI, and Local Funds for covered work performed during the time period January 2007 through September 2010, plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment (ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); Collection Procedures);

7

b. For interest in the amount of $3,673.77 assessed on such unpaid contributions (calculated through December 31, 2010, on moneys due the IPF, IHF, and IMI at the rate of 15 percent per annum, and on moneys due the Local Funds based on the applicable Federal Short-term interest rate at the time the work was performed, plus 3 percent) (ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); Collection Procedures);

c. For an additional computation of interest in the amount of $3,673.77 assessed on such unpaid contributions, (calculated through December 31, 2010, on moneys due the IPF, IHF, and IMI at the rate of 15 percent per annum, and on moneys due the Local Funds based on the applicable Federal Short-term interest rate at the time the work was performed, plus 3 percent) (ERISA Section 502(g)(2)(C)(i), 29 U.S.C. § 1132(g)(2)(C)(i); Collection Procedures);

4. For the costs of filing this action in the amount of $350.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

5. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

6. That Defendant be directed to comply with their obligations to submit all required reports and to make all contributions due and owing to the IPF, IHF, IMI, and Local Funds and to pay the costs and disbursements of this action.

7. Such other and further relief as this Court deems appropriate, including judgment for any and all contributions and interest thereon that may accrue, and/or be found due and

8

owing, subsequent to the filing of this Complaint, as well as any resulting statutory damages

thereon under ERISA.

Dated: March  8 , 2011                    By: _____
                                              Ira R. Mitzner, DC Bar No. 184564
                                              Charles V. Mehler III, DC Bar No. 475909
                                              DICKSTEIN SHAPIRO LLP
                                              1825 Eye Street NW
                                              Washington, DC  20006
                                              (202) 420-2200

                                          *Attorneys for Plaintiffs*

DSMDB-2883766v2